[Crim. No. 5588.   Second Dist., Div. Three.   May 24, 1956.]

THE PEOPLE, Respondent, v. OLIVER CHARLES
STANFIELD, Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn,
Assistant Attorney General, and John McInerny, Deputy
Attorney General, for Respondent.

SHINN, P. J.—This is an appeal from a judgment of con-
viction in a court trial of the offense of violation of section
288 of the Penal Code and from an order denying a motion
for a new trial.

Defendant Stanfield was accused of the offense committed
upon the person of a 6-year-old girl.  It is conceded, through
failure to discuss the point, that the acts described by the
child amounted to a violation of the section.  This is a
proper concession, although in the scale of wickedness in
such matters the acts of the defendant did not reach the
bottom.  Defendant was working on a caterpillar near Lan-
caster; he came into town to get some parts; the child was
watching swimming lessons at a swimming pool; defendant
had not known her but entered into a conversation with
her and gave her two nickels; he enticed her into his car
and drove several miles out of town; they turned into a

blind street where the car became stuck in the sand; after futile attempts to extricate it defendant went to a nearby house for help, which was forthcoming, and the car was returned to the road; in the meantime defendant had taken two drinks from a bottle; he then drove back to town with the child. There was no evidence as to the circumstances in which she made complaint. It was while the car was stuck in the sand that the alleged acts were committed. One of the witnesses for the People had kept the car under observation during this time. It is contended that the testimony of this witness proved that defendant was so fully occupied with his efforts to extricate the car that he could not have committed the acts charged. It is also contended that the testimony of the child was self-contradictory in several particulars and was so unsatisfactory as to be worthless as evidence of the incriminating facts. We have read the testimony carefully and are unable to agree with these contentions.

That the trial judge has a great responsibility in such cases in weighing the testimony of young children is well recognized and, we think, was fully appreciated by the trial judge. ▮ We find nothing in the evidence which causes us to suspect that the story of the child was fabricated. The circumstantial evidence was against the defendant. He admitted picking up the child and claimed that he was taking her to a place where they might buy some sort of refreshments. He had no reasonable excuse for accosting her or taking her into his car. He did not deny having given her money. She was a stranger to him. Moreover, he had suffered a previous conviction of a similar offense. Defendant cites numerous cases of the same class in which the evidence was held to be legally insufficient. Precedent, one way or the other, is of slight assistance in determining the question of the legal sufficiency of the evidence in a particular case. There is no doubt in our minds as to the sufficiency of the evidence in the present case.

The judgment and order are affirmed.

Wood (Parker), J., and Vallée, J., concurred.